UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMANA INC.,<br>　　　　Plaintiff,<br>　　v.<br>HANDA PHARMACEUTICALS, LLC,<br>　　　　Defendant. | Case No. 23-cv-01550-DMR<br>Case No. 23-cv-1553-DMR<br>**ORDER ON MOTIONS TO REMAND**<br>Re: Dkt. No. 15 |

Plaintiffs Humana Inc. ("Humana") and Aetna Inc. ("Aetna") filed motions to remand that turn primarily on whether the forum-defendant rule, 28 U.S.C. § 1441(b)(2), prohibits a forum defendant from removing a case before it has been served. This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the reasons below, the motions to remand are denied.

I.　**BACKGROUND**

The procedural history bears more on these motions than the substance of Plaintiffs' complaints. The court limits the description of the cases accordingly.

Plaintiffs Humana and Aetna filed their original complaints in separate lawsuits in San Francisco Superior Court against Defendant Handa Pharmaceuticals, LLC ("Handa"), on March 28 and March 30, 2023, respectively. [23-cv-01550 ("Humana Action"), Docket No. 1-1; 23-cv-01553 ("Aetna Action"), Docket No. 1-1 (together "Compls.").] The complaints allege state law claims for 1) conspiracy to monopolize; 2) combination and conspiracy in restraint of trade; 3) unfair or deceptive trade practices; and 4) unjust enrichment. Compls. ¶¶ 173-225.

Handa removed both cases on March 31, 2023 – before Humana served Handa on April 6, 2023, and Aetna served Handa on April 7, 2023. [Humana Action, Docket Nos. 1 (Humana's Notice of Removal); 14 (Stipulation to Extend Defendant's Time to Respond to the Complaints); Aetna Action, Docket Nos. 1 (Aetna's Notice of Removal), 14 (Stipulation to Extend Defendant's

Time to Respond to the Complaints).] Humana asserts that it unsuccessfully attempted to serve Handa prior to removal, on March 30, 2023, at the address listed for Handa's agent for service of process on the California Secretary of State website. [Docket No. 15-1 (Matthew S. Weiler Decl., Apr. 28, 2023) ¶¶ 8, 9.]

The court related the cases on April 19, 2023. [Humana and Aetna Actions, Docket No. 11.] Plaintiffs now move to remand the cases, arguing that because Handa is a resident of California, removal based on diversity jurisdiction is barred by the forum defendant rule, 28 U.S.C. § 1441(b)(2). [Humana and Aetna Actions, Docket Nos. 15 ("Mot."); 20 ("Reply").] In the alternative, Plaintiffs claim that removal is improper because there is no federal question jurisdiction. Handa opposes. [Humana and Aetna Actions, Docket No. 19 ("Opp'n").]

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that originally could have been filed in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts are courts of limited jurisdiction and possess subject matter jurisdiction in civil cases based only on federal question or diversity jurisdiction. *Id.*; *see* 28 U.S.C. §§ 1331, 1332. The removing defendant bears the burden of establishing that removal was proper. *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that the removal statute is "strictly construe[d]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.  DISCUSSION

The court first addresses whether Handa properly removed the cases on the basis of diversity jurisdiction.[1]

---

[1] Handa argues that, as a threshold matter, the court should elect to transfer these cases to the District of Delaware before deciding the question of remand. Opp'n at 9. While courts are generally free to rule on remand and transfer motions in any order, *see Burse v. Purdue Pharma Co.*, No. C-04-594 SC, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004), none of the cases cited by Handa involve a situation where, as here, there is no pending motion to transfer and the parties have jointly requested that the court adjudicate the motion to remand prior to a stipulated transfer.

1	The parties do not appear to dispute that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.[2]  Instead, Plaintiffs contend that Handa, as a California citizen, cannot remove the complaints on the basis of diversity jurisdiction because of the forum defendant rule.  Handa disagrees, contending that removal is not barred because it had not been served when the cases were removed.

The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  The rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."  *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *see also Spencer v. U.S. Dist. Court for N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004) (holding that "the presence of a local defendant at the time removal is sought bars removal").

At issue is what is sometimes referred to as "snap removal" – "[t]he practice of circumventing application of the forum-defendant rule by removing before defendants are served." *Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).  As the court explained in *Lam Sing*, "[s]nap removal may apply in a situation where a defendant "was able to remove . . . and argue against application of the forum defendant rule because it managed to remove the case before [plaintiff] was able to serve it."  *Id.* (citing *Aetna Inc. v. Gilead Scis., Inc.*, 599 F. Supp. 3d 913, 918 (N.D. Cal. 2022)).

Plaintiffs' arguments shifted in the course of briefing.  Their opening brief makes four arguments in support of remand.  First, Plaintiffs assert a legal argument that even if defendants

---

[Docket No. 14.]  Nothing prevented Handa from filing a motion to transfer and in fact, it voluntarily agreed that transfer should follow this remand motion.  *Id.*  For these reasons, Handa's request is denied.

[2] Humana is a Delaware corporation with its principal place of business in Kentucky.  [Docket 1-1 ¶ 32.]  Aetna is a holding company headquartered in Connecticut and incorporated under the laws of Pennsylvania.  [Docket 1-1 ¶ 32.]  Handa is incorporated in California and has its principal place of business in California.  [Docket No. 1-1 ¶ 41.]

3

are served after removal, the forum defendant rule prohibits removal. Second, Plaintiffs contend that as a factual matter, Humana served Handa prior to removal for purposes of the forum defendant rule; even though Handa was not formally served, Humana attempted to serve Handa through its registered agent on March 30, 2023, the day before removal. Third, Plaintiffs urge the court to excuse service in light of Handa's failure to maintain accurate and updated contact information for its registered agent for service of process. Finally, Plaintiffs argue that removal was improper because it occurred before any party had been served, in violation of 28 U.S.C. § 1446(b). On reply, Plaintiffs recast their position as follows. Remand is appropriate because 1) Handa improperly stymied Humana's service efforts; and 2) the court should reject a strict interpretation of the phrase "properly joined and served" under section 1441(b)(2). In essence, Plaintiffs ask the court to reject a literal interpretation of the statute's "properly joined and served" language where, as here, the defendant allegedly has acted inequitably.[3]

"Although courts outside of this district vary in their interpretation of section 1441(b)(2), 'the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim.'" *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) (quoting *Sherman v. Haynes & Boone*, No. 5:14-CV-01064-PSG, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014)); *see also Fobb v. Uber Techs., Inc.*, No. 21-CV-07778-HSG, 2022 WL 620336, at *2 (N.D. Cal. Mar. 3, 2022) (explaining that "[t]he decisions in this district to have considered the question nearly unanimously support Defendants' position [that a plain reading of the statute allows pre-service removal by a forum defendant].");[4] *Monfort v.*

---

[3] Before arriving at these arguments, Plaintiffs take the position that the court need not address Handa's "snap removal" arguments because the Ninth Circuit has noted that "the presence of a forum defendant" prevents removal wholesale. *See* Mot. at 5; Reply at 4 (citing *Spencer v. U.S. Dist. Court for N. Dist. Of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004)). *Spencer* does not help here. It did not address the question of service prior to removal. Instead, the Ninth Circuit analyzed whether post-removal joinder of a local but completely diverse defendant requires remand.

[4] Plaintiffs assert without elaboration that "the 'circumstances' of service [in *Fobb v. Uber Techs, Inc.*] were dispositively different." *See* Reply at 6 n.8. Although *Fobb* did not describe any alleged attempts to evade service by defendant, the plaintiff, like Humana and Aetna, argued that defendant was engaging in gamesmanship. *Fobb*, 2022 WL 620336, at *2. The court adopted a plain reading of section 1441(b)(2), finding it allowed pre-service removal by a forum defendant.

4

*Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) (collecting cases in this district holding that a forum defendant may remove an action prior to receiving proper service).

Plaintiffs concede this majority view in a footnote but attempt to distinguish the cases, asserting that "much of this authority concerns instances where the forum defendant was not served as of the time the motion to remand was filed, or at any time ever." Mot. at 6 n.3. This plainly ignores cases in which service was eventually effectuated but removal was nevertheless held proper. *See, e.g.*, *Loewen*, 2019 WL 2364413, at *2 (two of three forum defendants were served one day after notice of removal was filed).

Plaintiffs also cite several cases from outside this district to support their position. Reply at 8-9. *See Deutsche Bank Nat'l Trust Co. v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1013 (D. Nev. 2021) (explaining that "[s]nap removal is not a result that Congress contemplated or intended, and permitting it would obviate the forum defendant rule's purpose."); *Jackson v. Nevada Speedway, LLC*, No. 222CV958JCMDJA, 2023 WL 3684023, at *2 (D. Nev. May 26, 2023) (following the court's "own precedent" in holding that "[s]nap removal contravenes the removal statute's purpose of preserving a plaintiff's choice of a state court forum when suing a proper forum defendant"); *Marsh v. Monster Beverage Corp.*, No. EDCV152205GHKKKX, 2016 WL 11508266, at *3 (C.D. Cal. Jan. 4, 2016) (finding that a plain reading of section 1441(b)(2) "contravenes the purpose of [the statute], which protects "*out-of-state* defendants from possible prejudice in state courts." (emphasis in original) (quotation marks and citation omitted)). The court is not persuaded by their reasoning, which generally relies on the statute's presumed purpose without pointing to clear evidence of Congressional intent. *See Loewen*, 2019 WL 2364413, at *8 ("Without additional evidence regarding Congress' intent in drafting section 1441(b)(2), the Court cannot conclude that strict adherence to the [statutory] language would be plainly at variance with the policy behind the statute." (quotation marks and citation omitted)).

The court instead agrees with the reasoning expressed by the majority of courts in this district – namely, that as a general matter, the plain language of section 1441(b)(2) allows snap

1  removal because the statute prevents removal when a forum defendant is "properly joined and
2  served."  See Fobb, 2022 WL 620336, at *2 (quoting Monfort, 2019 WL 131842, at *3).  The
3  court's determination finds further support in the three circuit courts to have considered this issue.
4  See Gibbons v. Bristol-Myers Squibb Co., 919 F.3d 699 (2d Cir. 2019); Encompass Ins. Co. v.
5  Stone Mansion Rest. Inc., 902 F.3d 147 (3d Cir. 2018); Texas Brine Co., L.L.C. v. Am. Arb. Ass'n,
6  Inc., 955 F.3d 482 (5th Cir. 2020).[5]  While "[r]easonable minds might conclude that the
7  procedural result demonstrates a need for a change in the law . . . if such change is required, it is
8  Congress — not the Judiciary — that must act."  Encompass, 902 F.3d at 154.

9      Plaintiffs also assert that nothing precludes the court from diverging from this district's
10 majority view where, as here, a local defendant wrongfully evaded service.  Reply at 6.
11 Specifically, Plaintiffs contend that Handa should not be rewarded for interfering with service by
12 maintaining an incorrect address on the California Secretary of State website, in contravention of
13 California law.  Reply at 5 (citing Cal. Corp. Code § 1502(b)).  According to Plaintiffs, a literal
14 interpretation of section 1441(b)(2)'s "properly joined and served" language is insufficient here.
15 Instead, Plaintiffs urge the court to consider the circumstances surrounding service.  Id. at 6
16 (relying on Spencer, 393 F.3d at 871 for the proposition that the Ninth Circuit requires courts to
17 conduct "an inquiry into the circumstances at the time the notice of removal is filed").

18     Plaintiffs argue that their position aligns with a case from this district.  See Reply at 6 n.6.
19 Relying on Loewen, 2019 WL 2364413, at *8, they urge the court to consider "the sufficiency of
20 Humana's process" in conjunction with "the 'unfair results' that flow from deciding that
21 defendants like Handa can skirt their legal duties[.]" Id.  Specifically, Plaintiffs ask the court to
22 find that Handa evaded service by Humana because it failed to update its address for service on
23 the California Secretary of State website.[6]  Reply at 5.  In response, Handa points out that Humana

---

[5] The Sixth Circuit has also indicated its approval for snap removal in a footnote.  *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001).  The statement in *McCall* "has repeatedly been characterized as dicta, both within and outside the Sixth Circuit." *Little v. Wyndham Worldwide Operations, Inc*., 251 F. Supp. 3d 1215, 1219 (M.D. Tenn. 2017).

[6] Plaintiffs argue that had the state court's execution of summons not lagged in the Aetna case, Aetna would have similarly served the summons at "the false address Handa unlawfully listed." Reply at 7.  As the court finds that the record does not establish that Handa evaded service by

1  ultimately served Handa a few days later, at the very same address Handa lists on its public
2  website. Opp'n at 20-21. Handa further explains that counsel are familiar with one another
3  through active litigation, and Humana's counsel could have contacted Handa's counsel at any
4  time. *Id.* Humana does not respond to these arguments on reply.

5  *Loewen* does not bolster Plaintiffs' position. *Loewen* involved a suit against three
6  California defendants and four out-of-state defendants. In determining whether removal of the
7  case was appropriate under the forum defendant rule, the court considered the plaintiff's argument
8  that removal was not authorized because three defendants were citizens of California, where the
9  state court action was filed. 2019 WL 2364413, at *7. After noting the majority view, the court
10 went on to analyze whether this was one of the "'exceptional cases' that warrant ignoring the plain
11 language of the statute and this district's consensus view." *Id.*, at *8 (quoting *Demarest v.
12 Manspeaker*, 498 U.S. 184, 190 (1991) ("When we find the terms of a statute unambiguous,
13 judicial inquiry is complete except in rare and exceptional circumstances."), *superseded by
14 statutory amendment, on other grounds,* 28 U.S.C.A. § 1821)). As Plaintiffs point out, the *Loewen*
15 court recognized that "under certain circumstances, gamesmanship by forum defendants may lead
16 to unfair results"; in the same breath, however, the court made clear that "the language of the
17 statute cannot be simply brushed aside." *Id.* (quotation marks and citation omitted). Ultimately,
18 the court found that nothing in the facts of the case suggested that the forum defendants employed
19 gamesmanship that would justify a departure from the plain language of the statute. *Id.*

20 Likewise, the facts in this case are insufficient to support a finding that Handa acted in a
21 way that would justify a departure from the plain language of the statute. That Handa failed to
22 update its address on the California Secretary of State website does not, by itself, lead the court to
23 conclude that Handa purposefully blocked Humana's attempts to effect service. *See also
24 Clayborne v. Chevron Corp.*, No. 19-CV-07624-JSW, 2020 WL 11563098, at *5 (N.D. Cal. Feb.
25 5, 2020) ("Based on the information before the Court, [defendant] did not avoid service or
26 manufacture an impediment to successful service; [plaintiff] simply, for reasons not clear to the

---

28 failing to update its address on the California Secretary of State website, Plaintiffs' additional argument with respect to Aetna does not change the analysis.

7

1  Court, waited too long to effect service, and [defendant] used the delay to its advantage.").

2  Plaintiffs also make passing references to *Tourigny v. Symantec Corp.*, 110 F. Supp. 3d
3  961, 963 (N.D. Cal. 2015) and *In re Roundup Prod. Liab. Litig.*, No. 16-MD-02741-VC, 2019 WL
4  423129 (N.D. Cal. Feb. 1, 2019). *See* Mot. at 6. Other courts in this district have expressly
5  declined to follow these cases. *See Glob. Indus. Inv. Ltd. v. Chung*, No. 19-CV-07670-LHK, 2020
6  WL 2027374, at *3 (N.D. Cal. Apr. 28, 2020) (explaining that *Tourigny* relied on an opinion from
7  the United States District Court for the Eastern District of Pennsylvania for the proposition that the
8  plain meaning of section 1441(b)(2) only permits removal in situations involving multiple
9  defendants, and noting that the opinion subsequently was overruled by the Third Circuit); *Loewen*,
10 2019 WL 2364413, at *8 (finding that *In re Roundup Prod. Liab. Litig.*, a single paragraph order
11 in which the court, without analysis, agreed with the view that "interpreting [section 1441(b)(2)]
12 to permit removal before service of process would create absurd results," was not precedential
13 authority and was not sufficient to "overcome the strong consensus in this district that the plain
14 language of 1441(b)(2) applies."); *see also Fobb*, 2022 WL 620336, at *2 n.2 (noting that *In re
15 Roundup Prod. Liab. Litig.* was not controlling law and agreeing instead with "the actual majority
16 view in the Northern District").

17 Following the plain language of section 1441(b)(2) and finding no exceptional
18 circumstances dictating otherwise, the court concludes that Handa's removal was not barred by the
19 forum defendant rule. Because the court finds that removal was appropriate on the basis of
20 diversity jurisdiction, it does not address whether federal question jurisdiction would provide an
21 independent basis for removal.

22 **IV.  CONCLUSION**

23 For the reasons stated, Plaintiffs' motion to remand is denied. Pursuant to the parties'
24 stipulation dated April 17, 2023, Handa shall file an answer to both complaints within 14 days of
25 //
26 //
27 //
28 //

this order and promptly file a motion to transfer both actions to the District of Delaware pursuant to 28 U.S.C. § 1404.  [Docket No. 14.]

**IT IS SO ORDERED.**

Dated: August 15, 2023

_____
Donna M. Ryu
Chief Magistrate Judge